UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ECG INC. d/b/a CARRIAGE HOUSE DINING ROOM & GARDENS,<br><br>Plaintiff,<br><br>v.<br><br>NETHERLANDS INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:12-CV-175 JVB |

**OPINION AND ORDER**

The present dispute centers on Netherlands Insurance Company's disclosure of an expert witness five months after the court-established deadline, and ten days before the close of all discovery. (*See* DE 50, at 2–3.) Carriage House, upset by this surprise, moved to strike the expert witness, which Magistrate Judge Nuechterlein granted on February 10, 2014. (DE 50.) Two weeks later, Netherlands filed an objection to Judge Nuechterlein's order. (DE 51.) After reviewing the record, the Court concludes that the Magistrate's order was neither clearly erroneous nor contrary to law, and therefore, Netherlands' objection is overruled**.**

**A. Background**

The underlying case involves a dispute between a restaurant and its insurer regarding claims stemming from a fire and alleged damage to wine inventory. Beginning on September 5, 2012, Judge Nuechterlein established several discovery deadlines governing this case, including

a May 20, 2013, deadline for Netherlands to deliver expert disclosures and reports to Carriage House. (DE 24.) Judge Nuechterlein extended Netherlands' expert report deadline twice, such that Netherlands was required to submit its expert disclosures and reports by July 3, 2013. The court also extended the deadline for all discovery four times because of difficulties scheduling necessary depositions. In his most recent order, issued October 28, 2013, Judge Nuechterlein extended the discovery deadline until December 13, 2013, and warned the parties that requests for further extensions would likely be denied. (*See* DE 44, at 5.)

Meanwhile, in August 2013, counsel for Netherlands deposed Adrian and Judith Cotes, the owners of Carriage House. At both depositions, Netherlands questioned the Coteses about damages to wine inventory caused by the restaurant fire. After the depositions, Netherlands secured a fine wine expert, Maureen Downey, to serve as an expert witness regarding Carriage House's alleged damages. On December 3, 2013, Netherlands disclosed the expert witness and her report. Netherlands disclosed the expert report five months after the court-established deadline and without the court's leave. Carriage House then moved to bar the expert witness. Judge Nuechterlein granted the motion to which Netherlands now objects.

**B. Standard of Review**

Magistrate judges "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013). "The district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). When a party objects to a magistrate judge's discovery order, "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is

clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Clear error is an extremely deferential standard of review, and will only be found to exist where the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (internal citations and quotations omitted). The fact that the district court would have decided the case differently is an insufficient reason to overturn the decision. *See id*.

**C. Analysis**

"The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) (internal citation omitted). Here, Judge Nuechterlein determined that Netherlands failed to comply with the disclosure deadline, and then analyzed whether Netherlands' failure to comply with the deadline was either substantially justified or harmless. In doing so, Judge Nuechterlein considered four factors courts should evaluate when determining whether to strike a late-disclosed witness.[1] (*See* DE 50, at 4–6.) First, the court analyzed the degree of prejudice the late disclosure imposed and the ability of the party to cure the prejudice. (*See* DE 50, at 5.) Judge Nuechterlein concluded that Carriage House would be prejudiced if the expert were allowed to testify because Carriage House had insufficient time to depose the expert and prepare a response before the close of all discovery. (*See id*.)

---

[1] The relevant factors are:
    (1) the prejudice or surprise to the party against whom the evidence is offered;
    (2) the ability of the party to cure the prejudice;
    (3) the likelihood of disruption to the trial; and
    (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.
*David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

In response, Netherlands argues that no prejudice exists because the court may reopen discovery to allow Carriage House to respond to the expert. (*See* DE 51, at 10.) While this is true, "[l]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen or extend discovery. If that were the determining factor, no court could preclude expert or other testimony that was unseasonably disclosed contrary to the discovery deadline dates set by the Court." *Hard Surface Solutions, Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 617 (N.D. Ill. 2010) (collecting cases).

Moreover, Judge Nuechterlein previously extended the discovery deadlines four times, and, noting a history of dilatory tactics by the parties, unambiguously warned in an October, 2013, order that "future [discovery] extensions [were] likely to be denied."[2] (*See* DE 44, at 5.) By failing to comply with the court's discovery schedule, Netherlands prejudiced both the court and other litigants, as a court has a legitimate interest in managing cases before it, including enforcing deadlines, to ensure orderly litigation. *See Campania Mgt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002). Continued delays in one case needlessly slow the court's docket and delays other pending cases.

Additionally, Netherlands argues that it failed to retain an expert within the established timeline because it reasonably believed that it had already settled the wine portion of Carriage House's claim. (*See* DE 51, at 8.) As a result, Netherlands contends that it had no notice of the basis of Carriage House's delayed wine settlement theory of recovery before August, 2013. (*See* DE 51, at 4.) Judge Nuechterlein addressed and rejected this argument in his order striking the expert's report, noting that

---

[2] The order stated: "[t]he Court also **ADVISES** counsel for both parties that future extensions are likely to be denied, especially because it appears that counsels' issues are becoming an obstacle to a speedy and inexpensive resolution of the parties' dispute in this matter." (DE 44, at 5.)

> [t]he January 18, 2012, letter, a second copy of which was delivered to Netherlands in April 2012 with discovery responses, clearly laid out Carriage House's belief that the delayed wine settlement delayed its reopening. And while the amended complaint does not repeat the details presented in the letter, it does reference the letter. As a result, the Court is not persuaded that Netherlands was in the dark on this issue until August 2013. Instead, Netherlands appears to have made a strategic decision to delay inquiry on the issue until the Cotes depositions.

(DE 50 at 5.) Moreover, Judge Nuechterlein noted that even if Netherlands was unaware of the need to retain an expert until August, 2013, it nonetheless failed to inform either Carriage House or the court that it was in the process of securing an expert before December 3, 2013. (*See* DE 50 at 6.) In fact, Netherlands moved to extend the discovery deadline on September 30, 2013, after it was assuredly aware of the need for an expert. (*See* DE 38.) This motion, however, omitted any hint that Netherlands would need to extend the expert witness deadline or that it was even looking for an expert. (*See id*.) Judge Nuechterlein concluded that this behavior evinced Netherlands' intent to "ambush Carriage House at the end of the discovery period." (DE 50, at 6.) Netherlands offers no justification for its failure to inform either Carriage House or the court of its need to retain an expert before December 2013.

Finally, the cases cited by Netherlands do not support setting aside Judge Nuechterlein's order. In *Sherrod*, the Seventh Circuit noted that Sherrod disclosed the experts' names and reports well before the deadline, and therefore, the defendants would not be burdened by an unfair surprise that would impair their ability to prepare the case. *See Sherrod v. Lingle*, 233 F.3d 605, 613 (7th Cir. 2000). Thus, the defendants had not been harmed by the discovery violation. *Id.* Similarly, in *Mid-America Tablewares* the party seeking to exclude late-disclosed expert testimony was unable to quantify or pinpoint any prejudice caused by the late disclosure. *See Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996). Lastly, in *G & S Metal Consultants*, the court had already reopened discovery on several issues at the time

it permitted reopening expert discovery. *See G & S Metal Consultants, Inc. v. Cont'l Cas. Co.*, 3:09-CV-493-JD-PRC, 2013 WL 6047574, at *6 (N.D. Ind. Nov. 15, 2013). Here, Netherlands does not cite any basis for reopening discovery separate from its desire to include the expert report.

**D. Conclusion**

After reviewing the record, the Court is not convinced that Magistrate Judge Nuechterlein's decision to exclude the late-disclosed expert was either clearly erroneous or contrary to law. Therefore, the Magistrate's decision stands. Netherlands' objection (DE 51) is **OVERRULED.**

SO ORDERED on May 9, 2014.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE